**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  **TRACY SHAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-00414-JHP-mjx** |
| | ) | |
| 1.  **THE STATE OF OKLAHOMA ex rel.** | ) | |
| **OKLAHOMA TOURISM AND** | ) | *Jury Trial Demanded* |
| **RECREATION DEPARTMENT,** | ) | |
| | ) | *Attorney Lien Claimed* |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** Tracy Shaw, the Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

### JURISDICTION /VENUE /PARTIES

1.      Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 (2016), pursuant to claims arising under the Americans with Disabilities Act (As Amended) ("ADAAA"), 42 U.S.C. §§ 12101 *et seq*. (2016), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2016), as well as 28 U.S.C. § 1343(a)(4) (2016), which provides that "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights."

2.      Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3.      Plaintiff Tracy Shaw, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Delaware County, Oklahoma.

4.     Defendant Oklahoma Tourism and Recreation Department ("OTRD"), at all times relevant to the claims alleged herein, was and is an agency of the State of Oklahoma that is created and organized under the laws of the State of Oklahoma.

5.     Defendant OTRD, at all times relevant to the claims alleged herein, was and is the department or agency of the State of Oklahoma vested with the authority to hire, fire, train and otherwise supervise the "Park Rangers," who are the law enforcement agents responsible for enforcement of Oklahoma laws pertaining to Oklahoma's state parks.

6.     Defendant OTRD, at all times relevant to the claims alleged herein, was and is the department or agency of the State of Oklahoma vested with the authority to operate and maintain, among other sites, Cherokee State Park in Mayes County, Oklahoma.

7.     Defendant OTRD, at all times relevant to the claims alleged herein, was and is an employer affecting commerce that employed fifteen (15) or more employees for each working day during the time period in which Plaintiff was employed by Defendant, as well as for twenty (20) or more calendar weeks preceding Plaintiff's employment with Defendant.  *See* 42 U.S.C. § 12111(5)(A) (2016).

8.     Defendant OTRD, at all times relevant to the claims alleged herein, was and is an agency, department or instrumentality of the State of Oklahoma that receives federal financial assistance in the form of grants.  *See* 29 U.S.C. § 794 (2016).  *See also* https://otrd.ok.gov/OKTourism/Federal%20Grants/default.aspx.

9.     Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

## STATEMENT OF THE FACTS

10.     Plaintiff Tracy Shaw incorporates paragraphs 1 through 9 herein as if fully set forth verbatim.

11.     At all times relevant to the claims alleged herein, Plaintiff was and is a member of the United States Military, specifically, the Air National Guard, 138th Fighter Wing, 138th Medical Group, based in Tulsa, Oklahoma.

12.     In fact, Plaintiff is and has been a member of the United States Military, either in an active duty or reserve capacity, since 1988.

13.     Plaintiff is set to honorably retire from the United States Military with 29 years of service on July 1, 2017.

14.     Additionally, in conjunction with his service in the Military, Plaintiff has served in roles or positions with law enforcement functions, which include emergency medical responder and emergency management incident command.

15.     Plaintiff was initially diagnosed by the United States Department of Veterans Affairs ("VA") with "Post Traumatic Stress Disorder" ("PTSD") associated with his service in the United States Military in 2006.

16.     The PTSD diagnosis alleged above occurred before Plaintiff was certified as a law enforcement officer by the Oklahoma Council on Law Enforcement Education and Training ("C.L.E.E.T.").

17.     A Rating Decision regarding Plaintiff's disability was issued by the VA on June 20, 2012.

18.     Notwithstanding the PTSD diagnosis, Plaintiff had successfully performed the essential functions of a C.L.E.E.T. certified law enforcement officer since June 2008, first with

the Delaware County, Oklahoma Sheriff's Office, followed by employment with the City of Jay, Oklahoma Police Department prior to his employment with Defendant OTRD.

19.     Notwithstanding the PTSD diagnosis, Plaintiff has successfully performed the essential functions of a C.L.E.E.T. (Council on Law Enforcement Education and Training) certified law enforcement officer with the Delaware County, Oklahoma Sheriff's Office subsequent to his employment with Defendant OTRD.

20.     Plaintiff began his employment with Defendant OTRD on or about April 27, 2015.

21.     Plaintiff was hired by Defendant OTRD to work as a "Park Ranger II," which is a position requiring certification as a law enforcement officer.

22.     Prior to commencing his employment with Defendant TRD, Plaintiff was subjected to a comprehensive background check by OTRD to determine Plaintiff's fitness for the position.

23.     As part of the above-referenced background check, Plaintiff informed the physician affiliated with Defendant OTRD, Bill Edwards, D.O., of his disability, as diagnosed by the VA.

24.     Further, Plaintiff noted his VA disability rating on a pre-employment questionnaire connected with a pre-employment physical examination, dated March 21, 2015, that he submitted to Defendant OTRD prior to being offered and accepting the Park Ranger II position.

25.     On April 2, 2015, Bill Edwards, D.O., signed a form that averred that Plaintiff "is physically qualified to perform the job duties [of a Park Ranger] as outlined in a safe and efficient manner without modifications."

26.     However, on May 14, 2015, after Plaintiff had commenced fulfilling his duties as a Park Ranger II, Bill Edwards, D.O., signed another form, addressed to the attention of Amy Martinez of the Oklahoma Law Enforcement Retirement System ("OLERS"), averring that Plaintiff "is *not* physically qualified to perform the job duties [of a Park Ranger] as outlined in a safe and efficient manner without modifications."

27.     The form referenced immediately above in Paragraph No. 26 contains a handwritten notation stating, "Tracy Shaw Review including VA assessment."

28.     Based upon Dr. Edwards' May 14, 2015 assessment, Plaintiff was denied membership in OLERS.

29.     Membership in OLERS is required to maintain employment as a State of Oklahoma Park Ranger.

30.     In light of Dr. Edwards's second determination, at the direction of Chief Ranger Mike Vaught, Plaintiff had his physician, Valerie Farris, M.D. complete an assessment of Plaintiff's abilities to perform the essential functions of the Park Ranger position.

31.     On June 22, 2015, Dr. Farris signed a form entitled, "Proof of Knowledge of Essential Job Functions."

32.     Contained in the form signed by Dr. Farris, as alleged in Paragraph No. 31 above, was the following language /averment:  "I hereby certify that I have received and reviewed the Essential Job Functions, herewith attached, of the position the applicant will be performing" (underline included on the form).

33.     Thus, Dr. Valerie Farris's assessment averring that Plaintiff was able to perform the essential functions of the Park Ranger position was consistent with Dr. Edwards's assessment of April 2, 2015, but contradicted Dr. Edwards's assessment of May 14, 2015.

34.     With the backing of his supervisor, Chief Ranger Mike Vaught, Plaintiff appealed the decision that denied him entrance into OLERS.

35.     Plaintiff's appeal was denied.

36.     On or about November 17, 2015, Plaintiff fell and injured his leg while he was performing his duties as a Park Ranger II at Cherokee State Park in Mayes County, Oklahoma.

37.     Pursuant to receiving that injury, Plaintiff underwent surgery and was placed on Workers' Compensation temporary total disability ("TTD").

38.     On March 10, 2016, Plaintiff received a "State of Oklahoma Workers' Compensation Return to Work Form" that provided that Plaintiff could return to his duties as a Park Ranger with "Temporary Restrictions."

39.     In a letter dated March 11, 2016, Plaintiff was informed that his employment with Defendant OTRD was being terminated, effective March 14, 2016.

40.     Said letter provided no basis or "for cause" reasons for the termination of Plaintiff's employment with Defendant OTRD.

41.     The only thing that changed between the time Plaintiff was accepted into employment as a Park Ranger and the time he was discharged was the May 14, 2015 assessment of the physician employed by Defendant TRD, Bill Edwards, D.O., as alleged above.

42.     At all times relevant to the claims alleged herein, Plaintiff was well able to perform the essential functions of the position of Park Ranger II, without accommodation.

43.     On or about April 29, 2016, Plaintiff, by and through counsel, submitted a Uniform Intake Questionnaire with the Equal Opportunity Commission ("EEOC") in Oklahoma City alleging a discharge in violation of the Americans with Disabilities Act (As Amended) ("ADAAA").

44.     On or about June 20, 2016, Plaintiff, by and through counsel, submitted an executed Amended Charge of Discrimination to the EEOC, alleging a failure on the part of Defendant OTRD to engage in the interactive process under the ADAAA, as well as a discriminatory discharge in violation of the ADAAA.

45.     Accordingly, Plaintiff timely filed his matter with the EEOC, in that said filing occurred within 300 days of Plaintiff's discharge from employment with Defendant OTRD.

46.     On May 25, 2017, Plaintiff's counsel received the EEOC "Dismissal and Notice of Rights," or "Right to Sue Letter," which was dated May 23, 2017.

47.     Consequently, this action is timely filed, as the filing of this Complaint has occurred within 90 days of receipt of the Right to Sue Letter.

### FIRST CAUSE OF ACTION
#### UNLAWFUL DISCRIMINATION /DISCHARGE
#### AMERICANS WITH DISABILITIES ACT (AS AMENDED)
#### 42 U.S.C. §§ 12101 *ET SEQ.*

48.     Plaintiff Tracy Shaw incorporates paragraphs 1 through 47 herein as if fully set forth verbatim.

49.     At the time of his employment with, and separation from, Defendant OTRD, Plaintiff was a "disabled person" within the meaning of the Americans with Disabilities Act (As Amended).

50.     At the time of his employment with, and separation from, Defendant OTRD, Plaintiff was qualified to perform the job for which he was hired, i.e., Park Ranger.

51.     At the time of his employment with, and separation from, Defendant OTRD, Plaintiff was able to perform the essential functions of the job for which he was hired, with or without accommodation.

52.      Plaintiff was discharged from his employment by Defendant OTRD because of Plaintiff's disability.

53.      As a direct and proximate cause of Defendant OTRD's actions, Plaintiff's rights under the Americans with Disabilities Act (As Amended) were violated, causing Plaintiff injury.

54.      Accordingly, Plaintiff Tracy Shaw is entitled to damages and other relief as set forth herein.

**SECOND CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATION /DISCHARGE**
**SECTION 504, REHABILITATION ACT OF 1973**
**29 U.S.C. § 794**

55.      Plaintiff Tracy Shaw incorporates paragraphs 1 through 54 herein as if fully set forth verbatim.

56.      At the time of his employment with, and separation from, Defendant OTRD, Plaintiff was a "disabled person" within the meaning of the Americans with Disabilities Act As Amended.  *See* 29 U.S.C. § 794(d).

57.      At the time of his employment with, and separation from, Defendant OTRD, Plaintiff was qualified to perform the job for which he was hired, i.e., Park Ranger.

58.      At the time of his employment with, and separation from, Defendant OTRD, Plaintiff was able to perform the essential functions of the job for which he was hired, with or without accommodation.

59.      Defendant OTRD, at all times relevant to the claims alleged herein, was and is an agency, department or instrumentality of the State of Oklahoma that receives federal financial assistance in the form of grants.

60.     Plaintiff was discharged from his employment by Defendant OTRD because of Plaintiff's disability.

61.     As a direct and proximate cause of Defendant OTRD's actions, Plaintiff's rights under the Rehabilitation Act of 1973 were violated, causing Plaintiff injury.

62.     Accordingly, Plaintiff Tracy Shaw is entitled to damages and other relief as set forth herein.

### PUNITIVE AND EXEMPLARY DAMAGES

63.     Plaintiff Tracy Shaw incorporates paragraphs 1 through 62 herein as if fully set forth verbatim.

64.     The acts and omissions by Defendant OTRD, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct and /or discriminatory practices evincing malice or reckless indifference to Plaintiff's federally protected rights.

65.     As a direct result of Defendant OTRD's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior, subject to any caps or limitations imposed by law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Tracy Shaw prays this Court will grant to him the following relief:

A.     Judgment against Defendant OTRD in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.     Punitive damages against Defendant OTRD where permitted by law;

C.     Order Defendant OTRD to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.     Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
_____
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
11114 South Yale Avenue, Suite B
Tulsa, Oklahoma 74137
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Tracy Shaw***